UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>          Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>          Defendant. | Case No.: 1:15-cv-00362-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement and Standard**

Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was transferred to this Court on March 6, 2015. Plaintiff's complaint, filed on February 27, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.  Plaintiff's Allegations**

Plaintiff's purported complaint was filed on a Government Claims Form. He asserts a claim against the California Department of Corrections and Rehabilitation ("CDCR") and "numerous doctors, nurses with Health Care Services." (ECF No. 1, p. 1.) Plaintiff alleges that he was incarcerated at Corcoran State Prison, where he was beaten by other inmates and sustained brain injuries, heart murmurs, a leaky heart valve and strokes. Plaintiff contends that other inmates had access to sensitive information and attacked him. He further contends that defendants were deliberately indifferent and caused him to suffer without proper treatment. Plaintiff reports that he was transferred to an Arizona State Prison and had no health care. Plaintiff is currently housed at R. J. Donovan Correctional Facility in San Diego, California.

Plaintiff seeks damages in the amount of $1,500,000.00.

///

///

### III. Deficiencies of Complaint

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to cure these deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Pleading Standards

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but it fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint lacks basic facts, including what happened and who was involved. Plaintiff will be given leave to cure these deficiencies.

##### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

1  required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d
2  740, 743 (9th Cir. 1978).

3       Here, Plaintiff fails to link any individual defendant to a constitutional violation.  Plaintiff will
4  be given leave to cure this deficiency.  If Plaintiff elects to amend his complaint, he must allege what
5  each individual defendant did or did not do that resulted in a violation of his rights.

6       **3.   Eleventh Amendment Immunity – CDCR**

7       Plaintiff names CDCR as a defendant.  However, the Eleventh Amendment erects a general bar
8  against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th
9  Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar
10 suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or
11 its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School
12 & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical
13 Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus, Plaintiff may not maintain a claim against
14 CDCR.

15      **B.  Legal Standards**

16      **1.  Eighth Amendment-Failure to Protect Claim**

17      The Eighth Amendment protects prisoners from inhumane methods of punishment and from
18 inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
19 Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with
20 food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S.
21 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a
22 duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns
23 v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates
24 from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison
25 officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511
26 U.S. at 847; Hearns, 413 F.3d at 1040.

27      Plaintiff alleges that other inmates had access to sensitive information and attacked Plaintiff,
28 causing him to sustain brain injuries, heart murmurs, a leaky heart valve and strokes.  While Plaintiff's

1  allegations are serious, he fails to establish any facts demonstrating that any individual defendant
2  failed to protect him from serious harm.  Plaintiff will be given leave to cure this deficiency.

### 2. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Additionally, a prisoner's mere disagreement with diagnosis or

treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff generally alleges that unidentified defendants at Corcoran State Prison were deliberately indifferent and caused him to suffer without proper treatment. If Plaintiff elects to amend his complaint, he must include factual allegations demonstrating that individual defendants were deliberately indifferent to a specific medical need. Plaintiff should identify what happened and who was involved.

### IV.  Conclusion and Order

Plaintiff has failed to state a cognizable claim against any individual defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

6

    4.    <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **May 4, 2015**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE