# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>          Plaintiff,<br><br>     v.<br><br>UNKNOWN,<br><br>          Defendant. | Case No.: 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM<br>(ECF No. 19)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 20)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was transferred to this Court on March 6, 2015. On May 5, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 11.) On June 11, 2015, the Court granted Plaintiff an extension of time to file his amended complaint. (ECF No. 18.) On July 2, 2015, when Plaintiff failed to file a timely amended complaint, the Court issued Findings and Recommendations that this action be dismissed based on Plaintiff's failure to obey a court order and failure to state a claim. (ECF No. 19.) On the same date, Plaintiff filed his first amended complaint. (ECF No. 20.)

As it appears that the Findings and Recommendations and the first amended complaint crossed in the mail, the Findings and Recommendations are HEREBY VACATED. Plaintiff's first amended complaint, filed on July 2, 2015, is currently before the Court for screening.

### I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### II.    Plaintiff's Allegations

Plaintiff is currently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California. The events in the complaint appear to have occurred while Plaintiff was incarcerated at

Corcoran State Prison. Plaintiff names the following defendants in their individual and official capacities: (1) Dr. Jeffrey Neubarth; (2) Dr. Nguyen; (3) Dr. Shyam Nair; (4) Unknown Correctional Officer; (5) Dr. Klarich; (6) Dr. Frederick M. Howden; and (7) Dr. Fernando Zamudio.

Plaintiff alleges that Dr. Neubarth misdiagnosed Plaintiff's heart murmur on January 6, 2010. Dr. Neubarth stated that there was no murmur. Dr. Neubarth only prescribed Warfarin for thrombosis prophylaxis.

Plaintiff further alleges that after numerous strokes, Dr. Nguyen failed to recognize Plaintiff's need and failed to diagnose his heart murmur, stroke and deteriorating health. Dr. Nguyen, as Plaintiff's primary care physician, was responsible for misdiagnosing him.

Plaintiff also alleges that Dr. Nair misdiagnosed Plaintiff on October 24, 2009, finding very little heart disease. Dr. Nair only recommended an echocardiogram for further delineation of the morphology of the heart valve and echodense structure. Plaintiff continued to suffer more strokes, leaving him partially paralyzed and with slurred speech.

Plaintiff further alleges that Dr. Klarich misdiagnosed Plaintiff's medical disability after an overnight stay at Corcoran's Memorial Hospital. Plaintiff contends that he was released prematurely without proper care or directions.

Dr. Howden assisted in treating and diagnosing Plaintiff on September 3, 2008, but failed to properly diagnose Plaintiff's medical infirmities. Plaintiff additionally alleges that Dr. Zamudio diagnosed Plaintiff on September 3, 2008, but failed to diagnose him immediate physical weakness and aerotic insufficiency.

As a final matter, Plaintiff alleges that two unknown correctional officer allowed other inmates at Corcoran State Prison to beat him and did nothing to intervene. Plaintiff contends that he was convicted for a very sensitive case that required protection by correctional officers who should have known, or did know of, Plaintiff's conviction status.

Plaintiff seeks a preliminary and permanent injunction, along with compensatory and punitive damages.

///

///

### III. Deficiencies of Complaint

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given leave to cure these deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Pleading Standards

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but it fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint lacks basic facts, including what happened, when it happened and who was involved. Plaintiff will be given leave to cure these deficiencies.

##### 2. Federal Rule of Civil Procedure 18

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court

review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. That the defendants may work at the same facility is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for every unrelated incident occurring while he was housed at Corcoran State Prison. For example, Plaintiff may not pursue a failure to protect claim against correctional officers, while simultaneously pursuing a claim for deliberate indifference to serious medical needs against prison doctors based on unrelated events.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### 3. Doe Defendants

Plaintiff has named unidentified or "Doe Defendants." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### B. Legal Standards

### 1. Eighth Amendment-Failure to Protect Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison

1 officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511
2 U.S. at 847; Hearns, 413 F.3d at 1040.

3     Plaintiff alleges that correctional officers allowed other inmates beat Plaintiff, which resulted
4 in brain damage.  While Plaintiff's allegations are serious, he fails to establish any facts demonstrating
5 that any individual defendant failed to protect him from serious harm.  Plaintiff will be given leave to
6 cure this deficiency.

### 2. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

8     A prisoner's claim of inadequate medical care does not constitute cruel and unusual
9 punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of
10 "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)
11 (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test
12 for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by
13 demonstrating that failure to treat a prisoner's condition could result in further significant injury or the
14 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
15 deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent
16 manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."
17 Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate
18 indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir.
19 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a
20 purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference
21 caused harm, Jett, 439 F.3d at 1096.

22     In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
23 civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere
24 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton
25 v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A]
26 complaint that a physician has been negligent in diagnosing or treating a medical condition does not
27 state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does
28 not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at

106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff complains that various doctors misdiagnosed his condition. At best, this amounts to allegations of medical malpractice against the defendant doctors, which is not sufficient to state an Eighth Amendment claim. If Plaintiff elects to amend his complaint, he must include factual allegations demonstrating that individual defendants were deliberately indifferent to a specific medical need. Plaintiff should identify what happened, when it happened and who was involved.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim against any individual defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

7

  2. Plaintiff's first amended complaint is dismissed with leave to amend;

  3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

  4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

 Dated: **July 9, 2015**     /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE