# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 24) |

  Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion requesting the Court issue an order appointing him counsel. (ECF No. 24.) Plaintiff states that he cannot afford a lawyer, that his incarceration limits his ability to litigate his case, that the case is complex and he is a first-time litigant, and that he has made efforts to obtain a lawyer and has been unsuccessful.

  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. His incarceration alone is also not sufficient to make this case exceptional. Regarding the nature of Plaintiff's case, this court is faced with similar cases almost daily of petitioners alleging failure to protect and deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Id.

For these reasons, Plaintiff's motion for the appointment of counsel (ECF No. 24) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 29, 2015**                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE