UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. RECINO,<br><br>           Plaintiff,<br><br>     v.<br><br>UNKNOWN,<br><br>           Defendant. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 30)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

Plaintiff Robert R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this matter in the U.S. District Court for the Central District of California, and it was transferred to this Court on March 6, 2015. Plaintiff's third amended complaint, dated July 12, 2016, is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California. Plaintiff states that the relevant events at issues occurred while he was incarcerated at Corcoran State Prison ("Corcoran") in Corcoran, California, and at R.J. Donovan Correctional Facility ("R.J. Donovan") in San Diego, California, after he was transferred.

Plaintiff's complaint asserts a claim against two Unknown Correctional Officers, employed at Corcoran; Dr. Jeffrey Neubarth, a doctor employed at Corcoran; Dr. Shyam Nair, a doctor employed at Corcoran; Dr. Klarich, at doctor employed at Corcoran Memorial Hospital; and Dr. Frederick Howden, a doctor employed at R.J. Donovan.

///

Plaintiff alleges: While he was at Corcoran, two or three inmates somehow discovered that he was convicted in a sexually sensitive case, and they attacked him. Two unknown correctional officers witnessed the attack by the other inmates, but failed to stop it; they stood by and watched, and did nothing until after the unnamed inmates were through with Plaintiff. The two or three inmates' names were never disclosed, and the two unknown officers' names were also never disclosed. The two unknown correctional officers thereafter left Plaintiff without medical attention for a very long period of time, but eventually took Plaintiff to the prison infirmary.

As a result of the beatings, Plaintiff suffered considerable brain damage, and continues to suffer brain damage, resulting in numerous strokes, paralyzing his left side facial muscles, and restricting his speech, causing him to suffer slurred speech. Plaintiff's back injuries continue to worsen over time, and he may eventually have to use a wheelchair for stability.

Defendants Neubarth, Nair, and Klarich all failed to properly diagnose Plaintiff, which gave cause for his medical condition to worsen, eventually having strokes, which paralyzed his left side. Plaintiff's prison medical records reflect all infirmities, including injuries sustained during the attack. Plaintiff submitted his records with his original complaint, but is unable to secure more copies within any six (6) to twelve (12) month period.

Plaintiff alleges Eighth Amendment violations against the two unnamed correctional officers, and deliberate indifference to serious medical needs against the physician defendants that treated him at Corcoran and R.J. Donovan after he was transferred.

**III.   Discussion**

    **A.   Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that Defendants Neubarth, Nair, Klarich, and Howden were deliberately indifferent to his serious medical needs. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096.

1    Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
2 pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096
3 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th. Cir 1992). A plaintiff must allege
4 sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an
5 excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. "Deliberate indifference is a
6 high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the context of
7 claims against medical providers, a prisoner's claim of inadequate medical attention must rise
8 beyond negligence or misdiagnosis, to a level of "deliberate indifference to serious medical
9 needs." Id. (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). A complaint of medical
10 malpractice or that a physician has negligently diagnosed or treated a medical condition does not
11 state a valid claim under the Eighth Amendment. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th
12 Cir. 2012.)

13   As previously explained to Plaintiff, he cannot bring claims against unrelated defendants
14 at different facilities in the same action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635
15 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may
16 only bring claims against multiple defendants that (1) arise out of the same transaction or
17 occurrence, or series of transactions and occurrences, and (2) have commons questions of law or
18 fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Here,
19 Drs. Neubarth, Nair and Klarich are alleged to be employed at Corcoran and Corcoran Memorial
20 Hospital, and Dr. Howden is alleged to be employed at R.J. Donovan, and also to have treated
21 Plaintiff after he was transferred from Corcoran. Claims against these defendants are not properly
22 brought in the same action.

23   Further, Plaintiff only relies on a conclusory allegation that these physician defendants
24 failed to properly diagnose him, with no factual support for his claims. These allegations are
25 similar to his previous complaint and amended complaints, which lacked sufficient detail to state
26 a claim. Despite being granted multiple opportunities to amend his complaint to cure these
27 deficiencies, Plaintiff has failed to state sufficient facts to show deliberate indifference here. The
28 Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim

4

for deliberate indifference to serious medical needs against any of these defendants, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") The Court will thus recommend that Plaintiff's claims against these physician defendants be dismissed.

Plaintiff also alleges that after the two officers witnessed Plaintiff being severely beaten, the officers left him without medical attention for a long period of time before taking him to the prison infirmary. Liberally construed, these allegations are sufficient to state a claim for deliberate indifference to serious medical needs against the two unnamed correctional officers for delaying in obtaining medical treatment for Plaintiff after the beating in violation of the Eighth Amendment.

**B.     Eighth Amendment Failure to Protect Claims Against Correctional Officers**

Plaintiff's also claims that the two unknown correctional officers witnessed him being beaten by other inmates and did nothing to stop the beating. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832-33, 114 S. Ct. at 1976 (internal citations and quotations omitted). In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Id. at 834, 1977; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 522 U.S. at 847, 114 S. Ct. at 1984; Hearns, 413 F.3d at 1040.

At the pleading stage, Plaintiff sufficiently states a cognizable claim against each of the two unknown correctional officer defendants for allegedly failing to intercede as he was beaten by other inmates, in violation of the Eighth Amendment. Plaintiff's duty to substitute the identities of these unnamed defendants is addressed in a separate order.

### IV. Conclusion and Recommendation

The Court finds that Plaintiff states a cognizable claim against each of the two unknown correctional officer defendants for allegedly failing to intercede as he was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment. Plaintiff has not sufficiently pleaded any other claims in his third amended complaint, and thus the Court recommends that Defendants Neubarth, Nair, Klarich, and Howden be dismissed from this action. As Plaintiff has been provided with multiple opportunities to amend his complaint, the Court does not recommend further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's third amended complaint, dated July 12, 2016, against the two unknown correctional officer defendants for allegedly failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment; and

2. Plaintiff's claims against Defendants Neubarth, Nair, Klarich, and Howden be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2016**         /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE