1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. RECINO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　　Defendant. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED<br>(ECF No. 28)<br><br>ORDER FINDING SERVICE OF THIRD AMENDED COMPLAINT APPROPRIATE AS TO PLAINTIFF'S CLAIMS AGAINST UNKNOWN CORRECTIONAL OFFICERS<br>(ECF No. 30)<br><br>ORDER REQUIRING PLAINTIFF TO SUBSTITUTE DOE DEFENDANT(S) OR FILE STATUS REPORT<br>**FORTY-FIVE (45) DAY DEADLINE** |

　　　　Plaintiff Robert R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this matter in the U.S. District Court for the Central District of California, and it was transferred to this Court on March 6, 2015.

///

///

1

## I. Order to Show Cause

On June 14, 2016, the Court issued an order requiring Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified in that order. (ECF No. 27.) Plaintiff was required to comply with that order on or before July 18, 2016. Having not received any response by that date, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to obey a court order. (ECF No. 28.)

In the meantime, Plaintiff elected to file a third amended complaint, dated July 12, 2016. (ECF No. 30.) It appears Plaintiff's third amended complaint and this Court's order to show cause crossed in the mail. Since Plaintiff has timely complied with the Court's June 14, 2016 order, the Court finds it appropriate to discharge its previously-issued order to show cause.

## II. Service of Third Amended Complaint

The Court finds that Plaintiff's third amended complaint, filed on August 31, 2015, states a cognizable claim against Plaintiff sufficiently states a cognizable claim against each of the two unknown correctional officer defendants for allegedly failing to intercede as he was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment. 28 U.S.C. 1915(e)(2)(B).[1] According to Plaintiff, the two correctional officers' names have not been revealed to him. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the screening stage, those person or persons cannot be served with process in this action until they are identified by their names.

The burden is on Plaintiff to discover the identity of these defendants, and amended his complaint to substitute a name for each of the two unnamed correctional officers. Therefore, Plaintiff will be permitted forty-five (45) days to either file a motion to substitute the Doe

---

[1] By separate order, the Court has issued findings and recommendations that Plaintiff's claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Neubarth, Nair, Klarich, and Howden be dismissed from this action.

2

Defendant(s), or file a status report explaining the actions he took to locate the name of Doe Defendant(s). Any extension of that period will require a showing of good cause, and a failure to comply with that order shall result in a recommendation to dismiss the action. Thus, Plaintiff should seek to discover the identity of Doe Defendant(s) and move to substitute him/them into the case as soon as possible. Plaintiff may be able to locate names from incident reports, Rules Violation Reports, his central file, or other documents available for Plaintiff to review.

### III.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The Order to Show Cause issued on July 25, 2016 (ECF No. 28), is DISCHARGED;

2. Within **forty-five (45) days** from the date of service of this order, Plaintiff SHALL either:

    a. File a file a motion to substitute the identifies of the Doe Defendant(s), or

    b. File a status report explaining the actions he took to locate the name of Doe Defendant(s);

3. Any extension of the deadline set in this order must be sought from the Court before the deadline expires, and must be supported by a showing of good cause;

**4. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 27, 2016**            /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE