UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. RECINO,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | Case No.  1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL<br><br>(ECF No. 36) |

      Plaintiff Robert R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's third amended complaint against the two unknown correctional officer defendants for allegedly failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

      Currently before the Court is Plaintiff's second motion seeking the appointment of counsel, with a declaration in support. (ECF No. 36.) Plaintiff states that he cannot afford a lawyer, that his incarceration limits his ability to litigate his case, and that the case is complex and he is a first-time litigant. He further states that he is physically and mentally handicapped, such that he cannot proceed without representation, and that he requires counsel to assist in his investigation to determine the identity of the unnamed defendants in this case.

As previously explained, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. His incarcerated status is also not sufficient to make this case exceptional; this court is faced with similar cases by inmate plaintiffs almost daily. Further, at this early stage, the court cannot find that Plaintiff is likely to succeed on the merits. Id. The Court has also granted Plaintiff ample time to conduct an investigation into locating the identity of the unnamed defendants, and if he faces any specific issues, he may seek an appropriate extension of time upon a showing of good case. The Court notes that thus far Plaintiff's filings and arguments are understandable, despite his claimed limitations.

For these reasons, Plaintiff's second motion for the appointment of counsel (ECF No. 36) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 12, 2016**          /s/ Barbara A. McAuliffe          _
                                                    UNITED STATES MAGISTRATE JUDGE