UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. RECINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Defendant. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO COMPEL A RESPONSE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)<br><br>(ECF No. 37) |

　　　　Plaintiff Robert R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's third amended complaint against the two unknown correctional officer defendants for allegedly failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

　　　　The Court's screening order informed Plaintiff that the use of Doe defendants is acceptable to withstand dismissal of the complaint at the screening stage, but the United States Marshal cannot initiate service of process on those unknown defendants in this action until they are identified by their names. (ECF No. 33.) Plaintiff was permitted forty-five (45) days to file a motion to amend his complaint to substitute a name for each unknown defendant, or to file a status report explaining the actions he took to locate the names of those defendants. (Id. at 3)

Currently before the Court is Plaintiff's motion for the court to compel a response pursuant to Federal Rule of Civil Procedure 37(a). (ECF No. 37.) The motion concerns Plaintiff's attempts to identify the unknown correctional officer defendants in this action. Plaintiff states that he has sent letters to the officers' institution, Corcoran State Prison, but to no avail. He asserts that his numerous requests to disclose the names of the officers have been ignored or evaded. Plaintiff believes that the names of the officers should be noted in the medical report made on the day of the altercation, and/or other CDCR reports required of correctional officers when they observe events such as this.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The moving party "at a minimum … has the burden of informing the court which discovery requests are the subject of his motion to compel, which of the … responses are disputed, why … [the] responses are deficient, why the … objections are not justified, and why the information he seeks through discovery is relevant …." Walker v. Karelas, No. CIV S-07-2545 MCE DAD P, 2009 WL 3075575, at *1 (E.D. Cal. Sept. 21, 2009).

Plaintiff's motion to compel is denied. Plaintiff has not carried his burden to show any discovery response should be compelled here. He has not identified any specific and properly-made discovery request that is the subject of his motion. Nor has he identified the person or entity to be compelled to give the response. Plaintiff's statement that he sent letters to the unknown officers' institution is vague and unclear regarding who he directed his letters to and what was requested.

To the extent Plaintiff seeks any Rule 45 subpoena from any person or entity to release any medical or other report containing the identity of the two unknown correctional officer defendants in this case, that request is also denied, without prejudice. Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment

2

to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). Meeks v. Parsons, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing Fahey v. United States, 18 F.R.D. 231, 233 (S.D.N.Y. 1955)). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Here, Plaintiff has not identified the specific non-party entity or person who possesses the information he seeks. Although he has stated that he believes the names of the unknown correctional officer defendants may be in medical or other reports from the day of the altercation, he has not specifically identified the types of reports or date(s) of reports that are sought. Furthermore, Plaintiff has not shown that he has exhausted other potential avenues for locating the information he seeks. For example, as Plaintiff was previously informed in this Court's July 27, 2016 screening order, Plaintiff may be able to identify the officers from incident reports, rules violation reports, medical records, or other documents available in his central file, upon request to the prison officials at his institution. Plaintiff has not explained whether he has attempted to get the information he seeks from sources that are already available to him without court intervention. He must exhaust such avenues before the Court will consider the issuance of a Rule 45 subpoena.

Plaintiff shall be permitted an additional thirty (30) days from the issuance of this order to either file a motion to substitute the Doe Defendant(s), or to file any request for a Rule 45

subpoena to obtain the information necessary to identify the Doe Defendants. If he files a Rule 45 subpoena request, he must meet the standards addressed above. Also, he must inform the Court what steps he has took, following the issuance of this Order, to locate the names of the Doe Defendants.  Plaintiff is warned that this is his final opportunity to comply with the Court's order. Plaintiff's failure to comply with this order, and with his obligation to identify the unknown defendants and substitute their identities in the complaint so that they may be properly served, will result in a recommendation to dismiss this action.

For these reasons, Plaintiff's motion for the Court to compel a response pursuant to Federal Rule of Civil Procedure 37(a), (ECF No. 37), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2016**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE