UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. RECINO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR A SUBPOENA<br>(ECF No. 41)<br><br>DIRECTING PLAINTIFF TO SUBMIT INFORMATION FOR A SUBPOENA |

　　　Plaintiff Robert R. Recino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's third amended complaint against the two defendant unknown correctional officers for allegedly failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

　　　The Court's screening order informed Plaintiff that the use of Doe defendants is acceptable to withstand dismissal of the complaint at the screening stage, but the United States Marshal cannot initiate service of process on those unknown defendants in this action until they are identified by their names. (ECF No. 33.) Plaintiff was permitted forty-five (45) days to file a motion to amend his complaint to substitute a name for each unknown defendant, or to file a status report explaining the actions he took to locate the names of those defendants. (Id. at 3.)

1

Currently before the Court is Plaintiff's motion to for a Rule 45 subpoena.

**Plaintiff's Attempts to Learn Identities of the Defendant Correctional Officers**

In his motion for a Rule 45 Subpoena, Plaintiff submits his declaration setting out with specificity the efforts he undertook to learn the two officers' identities and how and why those efforts were unsuccessful. In a prior order, the Court had stated that the information to identify the Doe defendants should be in Plaintiff's medical records and plaintiff should access and review those files before asking for a subpoena.

In his motion, Plaintiff indicates that he submitted three requests for his medical reports related to the injuries he received. He agrees that the names of the correctional officers who escorted Plaintiff to medical on the day of the incident would be on those reports. Plaintiff states that "the requests were ignored." Plaintiff indicates that he has been transferred to the RJ Donovan facility, but that his medical records were not transferred with him, and that he does not have access to the medical records at the RJ Donovan facility.

The Court is satisfied that Plaintiff has attempted to exhaust finding out the identity of the two correctional officers from information that is available to him.

**Doe Correctional Officer Identities**

Given that Plaintiff is limited to seeking discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure at this stage of the proceeding, he is entitled to the issuance of subpoenas duces tecum under Rule 45. Plaintiff shall inform the court within **thirty days** as follows: (a) Plaintiff must indicate to which institution(s)/facility a subpoena should be directed. Plaintiff states in his motion that his medical records were not transferred with him to RJ Donovan. However, it is for Plaintiff to identify to which institution(s)/facility the subpoena should be directed; (b) Plaintiff must list which documents need to be produced by the appropriate State Prison to **identify** the Doe correctional officers who escorted Plaintiff to medical. Plaintiff must be as precise as possible when identifying the documents he wants which may name defendants. He must limit his request to documents that might reveal the identity of the Doe Defendants, and he must tailor the subpoena so as to avoid undue burden and expense on the part of the responding party. See Fed. R. Civ. P. 45(d)(1).

Upon receipt of this information, the Court will direct the United States Marshal to serve the subpoenas duces tecum. Plaintiff is cautioned that the Court will not authorize service of a subpoena for documents which do not reasonably identify the Does correctional officers who escorted Plaintiff to medical. In other words, this does not open discovery for other kinds of documents. Plaintiff's request for identification of the two Doe correctional officers thus should not extend beyond a request for a document showing the identity of the male correctional officer(s) who escorted Plaintiff to medical.

Accordingly, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must specify:
    a. The institution or institutions to which the subpoena(s) should be directed,
    b. The documents necessary to identify the Doe Defendants, as set forth in this order, and
2. If Plaintiff fails to comply with this order, the Court will dismiss this action, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 22, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3