# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS AND DISMISSAL OF ACTION<br><br>(ECF No. 49)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against two unknown correctional officers for failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

**I.  Background**

On July 27, 2016, the Court found service of Plaintiff's third amended complaint appropriate and directed Plaintiff to provide, within forty-five (45) days, a motion to substitute the identities of the Doe Defendants or a status report indicating the actions he took to locate their names. (ECF No. 33.)

Following a series of motions to compel and for issuance of a subpoena, on September 13, 2017, the Court granted in part Plaintiff's motion for issuance of a subpoena duces tecum

1

directing the Warden of California State Prison, Corcoran, to produce any and all medical reports relating to Plaintiff, from April 2004 to August 2004. (ECF No. 46.) The subpoena was returned executed on September 20, 2017. (ECF No. 48.)

After receiving no communication from Plaintiff, on April 17, 2018, the Court issued an order directing Plaintiff, within thirty (30) days, to provide the Court with written notice identifying Doe Defendants with enough information to locate them for service of process, or to show cause why the Doe Defendants should not be dismissed for failure to prosecute. (ECF No. 49.) Plaintiff was warned that failure to comply with the Court's order would result in dismissal of Doe Defendants from this action, and the closure of this action without further notice. More than thirty days have passed, and Plaintiff has failed to respond to the Court's order or to otherwise communicate with the Court.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" Schrubb v. Lopez, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by Sandin, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with

accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. Despite the Court's warning that failure to do so would result in dismissal of the Doe Defendants from this action, and closure of this action, Plaintiff has not complied with the Court's orders or otherwise communicate with the Court.

### III.     Conclusion and Recommendation

Plaintiff has failed to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. In addition, Plaintiff has failed to set forth good cause for his failure to identify the Doe Defendants. Accordingly, the Court HEREBY RECOMMENDS that all Doe Defendants be dismissed and this action closed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **May 29, 2018**                            /s/ Barbara A. McAuliffe             _
                                                                  UNITED STATES MAGISTRATE JUDGE