# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE WRITTEN NOTICE IDENTIFYING DOE DEFENDANTS FOR SERVICE OF PROCESS OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action currently proceeds on Plaintiff's third amended complaint against two unknown correctional officers for failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

On July 27, 2016, the Court found service of Plaintiff's third amended complaint appropriate and directed Plaintiff to provide, within forty-five (45) days, a motion to substitute the identities of the Doe Defendants or a status report indicating the actions he took to locate their names. (ECF No. 33.)

Following a series of motions to compel and for issuance of a subpoena, on September 13, 2017, the Court granted in part Plaintiff's motion for issuance of a subpoena duces tecum directing the Warden of California State Prison, Corcoran ("CSP-Corcoran"), to produce any and

all medical reports relating to Plaintiff, from April 2004 to August 2004. (ECF No. 46.) The subpoena was returned executed on September 20, 2017. (ECF No. 48.) Plaintiff failed to communicate with the Court thereafter, and on April 17, 2018, the Court issued an order directing Plaintiff to provide written notice identifying the Doe Defendants or to show cause why the Doe Defendants should not be dismissed and this action closed. (ECF No. 49.)

On May 30, 2018, the Court issued findings and recommendations recommending that the Doe Defendants be dismissed and this action closed, without prejudice. (ECF No. 50.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id.) No objections were filed, and the findings and recommendations were adopted on June 25, 2018. (ECF No. 51.) Judgment was entered accordingly the same day. (ECF No. 52.)

On August 7, 2018, Plaintiff filed a motion to reopen the case and requesting appointment of counsel. (ECF No. 53.) Plaintiff stated that, following service of the subpoena duces tecum, he never received a response from the Warden of CSP-Corcoran, the Court, or the Attorney General's Office regarding the requested documents. (Id.) The Court construed the motion to reopen the case as a motion for reconsideration and granted the motion on August 13, 2018. (ECF No. 54.)

The Court provided the Warden of CSP-Corcoran, or another representative of CDCR, an opportunity to respond to Plaintiff's motion in the form of a short declaration. On September 10, 2018, D. McGuire, the Litigation Coordinator at Richard J. Donovan Correctional Facility ("RJD"), filed a declaration in response to Plaintiff's motion. (ECF No. 57.)

D. McGuire declares under penalty of perjury that, pursuant to the Court's order, the subpoena duces tecum was originally served on the Litigation Coordinator at California State Prison, Corcoran. However, the subpoena was forwarded to RJD as that was where Plaintiff was housed at the time, and therefore RJD was the appropriate custodian of Plaintiff's medical records.

In response to the subpoena D. McGuire obtained copies of the requested documents, which were then served on Plaintiff by Correctional Counselor S. Lopez. D. McGuire has

attached a copy of a CDCR 128-B Chrono, indicating that the requested documents were served on Plaintiff on October 10, 2017. Plaintiff's signature and CDC number appear on the final page of the chrono. (ECF No. 57, p. 5.)

As the response from D. McGuire directly contradicts Plaintiff's contention that he received no response from CDCR following service of the subpoena, and Plaintiff has not otherwise explained his failure to provide written notice identifying the two unknown correctional officers for service of process, IT IS HEREBY ORDERED as follows:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall provide the Court with written notice identifying Doe Defendants with enough information to locate the defendants for service of process, or shall show cause in writing why this action should not be dismissed for Plaintiff's failure to prosecute; and

2. **Plaintiff's failure to comply with this order will result in dismissal of this action for failure to prosecute.**

IT IS SO ORDERED.

Dated: **September 11, 2018**     /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE