# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO R. RECINO,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00362-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS AND DISMISSAL OF ACTION<br><br>(ECF No. 58)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Roberto R. Recino ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against two unknown correctional officers for failing to intercede as Plaintiff was beaten by other inmates, and for delaying in obtaining medical treatment for him after the beating, in violation of the Eighth Amendment.

**I.    Background**

On July 27, 2016, the Court found service of Plaintiff's third amended complaint appropriate and directed Plaintiff to provide, within forty-five (45) days, a motion to substitute the identities of the Doe Defendants or a status report indicating the actions he took to locate their names. (ECF No. 33.)

Following a series of motions to compel and for issuance of a subpoena, on September 13, 2017, the Court granted in part Plaintiff's motion for issuance of a subpoena duces tecum

1

directing the Warden of California State Prison, Corcoran, to produce any and all medical reports relating to Plaintiff, from April 2004 to August 2004. (ECF No. 46.) The subpoena was returned executed on September 20, 2017. (ECF No. 48.) Plaintiff failed to communicate with the Court thereafter, and on April 17, 2018, the Court issued an order directing Plaintiff to provide written notice identifying the Doe Defendants or to show cause why the Doe Defendants should not be dismissed and this action closed. (ECF No. 49.) Plaintiff did not respond.

On May 30, 2018, the Court issued findings and recommendations recommending that the Doe Defendants be dismissed and this action closed, without prejudice. (ECF No. 50.) Plaintiff did not file objections, and the assigned District Judge issued an order adopting the findings and recommendations in full on June 25, 2018. (ECF No. 51.) Judgment was entered accordingly the same day. (ECF No. 52.)

On August 7, 2018, Plaintiff filed a motion for reconsideration, stating that following service of subpoena duces tecum, he never received a response from the Warden of CSP-Corcoran, the Court, or the Attorney General's Office regarding the requested documents. (ECF No. 51.) The Court granted the motion, vacating the judgment and reopening the case, and providing an opportunity for a representative of the California Department of Corrections and Rehabilitation to file a response to Plaintiff's motion. (ECF Nos. 54, 55.)

On September 10, 2018, D. McGuire, the Litigation Coordinator at Richard J. Donovan Correctional Facility, filed a declaration in response. (ECF No. 57.) D. McGuire declared under penalty of perjury that upon service of the subpoena, the requested documents were served on Plaintiff on October 10, 2017. (Id.) As this response directly contradicted Plaintiff's contention that he received no response from CDCR following service of the subpoena, and Plaintiff provided no other explanation for his failure to identify the Doe Defendants, the Court ordered Plaintiff to provide written notice identifying the Doe Defendants, or to show cause why this action should not be dismissed for failure to prosecute, within thirty days. (ECF No. 58.) Plaintiff was warned that his failure to comply with the Court's order would result in dismissal of this action for failure to prosecute. (Id.) Plaintiff has failed to comply with the Court's order, and the deadline to do so has expired.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" Schrubb v. Lopez, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by Sandin, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. More than a year has passed since Plaintiff received a response to his subpoena duces tecum, and more than two years have passed since Plaintiff was first directed to provide the Court with identifying information for the Doe Defendants.

Despite repeated warnings that failure to comply with the Court's orders would result in dismissal of the Doe Defendants, and closure of this action, Plaintiff has not complied with the Court's orders or otherwise communicated with the Court. This case cannot proceed without Plaintiff's compliance, and cannot sit idly on the Court's docket.

### III. Conclusion and Recommendation

Plaintiff has failed to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. In addition, Plaintiff has failed to set forth good cause for his failure to identify the Doe Defendants. Accordingly, the Court HEREBY RECOMMENDS that all Doe Defendants be dismissed and this action closed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE